PER CURIAM.

(No. 73-CC-234—Claimant 

INA RUTH GRINDLE, Claimant, *vs.* DEPARTMENT OF LABOR, STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1974.*

WILLIAM P. SHEEHAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; DOUGLAS G. OLSON, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This is a cause of action filed by the claimant, Ina Ruth Grindle, against the State of Illinois alleging the following:

That she was a certified Civil Service employee of the State of Illinois, Department of Labor, and was discharged from her certified position on September 21, 1971. After a hearing, the Civil Service Commission of the State of Illinois, on June 13, 1972, affirmed the dismissal. This decision was appealed to the Circuit Court of Sangamon County in accordance with the provisions of the Administrative Review Act.

On November 21, 1972, the Circuit Judge of Sangamon County entered an Order setting aside and reversing the decision of the Civil Service Commission. The Circuit Court ordered the claimant be reinstated to her Civil Service position and ordered that all back salary be paid and all her Civil Service rights be reinstated.

A copy of the Court Order is as follows:

"1. That the Plaintiff, INA RUTH GRINDLE, mismarked approximately thirteen of twenty-four hundred reports.

2. That the mismarkings were of a mechanical nature and did not prejudice the conclusions and findings in the reports.

3. That the alleged mishandling of the Sparta Printing Company investigation was not supported by evidence.

4. That the record otherwise does not contain evidence sufficient to constitute "just cause" within the meaning of the statute governing demotion and discharge of Civil Service employees.

5. That the findings and decision of the CIVIL SERVICE COMMISSION are not supported by the evidence and are contrary to the manifest weight of the evidence.

IT IS THEREFORE ORDERED that the decision of the CIVIL SERVICE COMMISSION is herewith set aside and reversed.

IT IS FURTHER ORDERED that the Plaintiff, INA RUTH GRINDLE, be reinstated by Defendants to her Civil Service position, together with all back salary and all other Civil Service rights."

Respondent reimbursed the claimant for her salary from July 1, 1972 to January 15, 1973, inclusive.

The present matter at issue is the salary allegedly due the claimant for the period of September 21, 1971 to June 30, 1972, which amount is $6,153.84. This amount is based upon an itemization of salary record computation.

On September 4, 1973, a Stipulation was entered into by and between the claimant and respondent, which is as follows:

"1. That at a certain Administrative Review proceeding before the Circuit Court of Sangamon County, Illinois, Case No. 411-72, in which Ina Ruth Grindle, Claimant herein was Plaintiff, and the Department of Labor of the State of Illinois and the Civil Service Commission of the State of Illinois were Defendants, the Court on November 21, 1972, entered its Order reinstating the Plaintiff to her Civil Service position, "together with all back salary and all other Civil Service rights." A true copy of said Order is attached hereto and shall be admitted into evidence without objection by either party.

2. It is further stipulated by and between the parties that of the total back salary ordered to be paid to Ina Ruth Grindle, the Department of Labor of the State of Illinois has paid gross earnings to her in the amount of $4,438.00 through current appropriation funds covering the period of July 1, 1972, to January 15, 1973, inclusive.

3. That claimant seeks to recover for back pay for the period of September 21, 1971, to June 30, 1972, for which the appropriation has lapsed. Attached hereto is a copy of the Departmental Report of the Department of Labor, dated April 18, 1973, and said report shall be admitted into evidence without objection by either party.

4. That Claimant's salary for the period beginning September 21, 1971, to June 30, 1972, was $6,153.84.

5. It is further stipulated that the report of the Department of Labor, dated May 2, 1973, shall be admitted into evidence without objection by either party.

6. That Claimant sought other employment during the period of September 21, 1971, to June 30, 1972, in and around her home town of Herrin, Illinois, but was unable to obtain any gainful employment.

7. That the copy or copies of the W2 forms of Claimant covering the period of September 21, 1971, through June 30, 1972, in additional to copy or copies of Form 1040, Federal Income Tax Return, covering the period September 21, 1971, to June 30, 1972, which are attached hereto, shall be admitted into evidence without objection by either party."

A further Stipulation was made and entered into between the parties hereto in January, 1974. This Stipulation was to the effect that a letter from Donald A. Johnson, Administrative Assistant of the Department of Labor, dated December 5, 1973, shall be admitted into evidence without objection by either party, with a true copy of the letter being attached thereto, which letter stated the following:

"By our computation, the amounts which would have been deducted from the $6,153.84 owed Mrs. Grindle would have been $360.00 for F.I.C.A. and $246.15 for State Employees Retirement Contributions. The employee's contribution rates for that period of time were 5.85% for State Employee's Retirement and 4% for F.I.C.A. Presumably the Social Security Administration and the State Employees Retirement System would make a claim for their share from the State if benefits were restored to Mrs. Grindle for that period of time."

It appears from this Stipulation that from the $6,153.84 which is due the claimant, there should be deducted the sum of $360.00 for F.I.C.A. and $246.15 for State Employees Retirement Contributions.

An award is hereby entered to the Social Security Administration in the amount of $360.00 and to the State Employees Retirement Fund in the amount of $246.15.

An award is hereby entered to the claimant in the amount of $5,547.69.